UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| MARY JACKSON ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| PMAB, LLC; and ) | |
| MICHAEL H. COFFEY ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendants. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, and alternatively, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

1

4. Plaintiff, Mary Jackson ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Caldwell, and City of Lenoir.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Defendant, PMAB, LLC ("PMAB") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), N.C. Gen. Stat. § 58-70-90(3), and N.C. Gen. Stat. § 75-50(2).

7. PMAB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. PMAB is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Alternatively, PMAB is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

10. Defendant, Michael H. Coffey ("Mr. Coffey") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), N.C. Gen. Stat. § 58-70-90(3), and N.C. Gen. Stat. § 75-50(2).

11. Through his oversight and control of the day-to-day operations of PMAB, Mr. Coffey played a key role in maintaining and expanding PMAB's debt collection activities during the events relevant to this action.

12. Mr. Coffey exercised control over the affairs of PMAB and regularly engaged, directly and indirectly, in the collection of debts.

13. Mr. Coffey directly and/or indirectly participated in the collection activities of PMAB.

14. As manager, Mr. Coffey exercised significant control over the affairs of a debt collection business through PMAB and was at all relevant times engaged, directly or indirectly, in the collection of debts through involvement in the affairs of PMAB.

15. Mr. Coffey materially participated in collecting or attempting to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due another, by occupying a position or positions with PMAB of critical importance.

16. Mr. Coffey is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Mr. Coffey is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-15(a).

18. Alternatively, Mr. Coffey is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

**FACTUAL ALLEGATIONS**

19. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt once owed or due, or asserted to be once owed or due a creditor other than PMAB.

20. Plaintiff's obligation, or alleged obligation, once owed or due, or

asserted to be owed or due a creditor other than PMAB, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

21. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

22. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on December 27, 2011 at 12:23 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number: AB8039."

23. In its voicemail message left at 12:23 p.m. on December 27, 2011, PMAB failed to notify Plaintiff that the communication was from a debt collector.

24. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message left at 12:23 p.m. on December 27, 2011.

25. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on December 27, 2011 at 2:07 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a

personal business matter. When calling please use the following reference number: AB8039."

26. In its voicemail message left at 2:07 p.m. on December 27, 2011, PMAB failed to notify Plaintiff that the communication was from a debt collector.

27. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message left at 2:07 p.m. on December 27, 2011.

28. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on December 28, 2011 at 1:03 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number: AB8039."

29. In its voicemail message of December 28, 2011, PMAB failed to notify Plaintiff that the communication was from a debt collector.

30. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message of December 28, 2011.

31. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on January 4, 2012 at 2:50 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number:

AB8039."

32. In its voicemail message of January 4, 2012, PMAB failed to notify Plaintiff that the communication was from a debt collector.

33. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message of January 4, 2012.

34. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on January 18, 2012 at 12:55 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number: AB8039."

35. In its voicemail message of January 18, 2012, PMAB failed to notify Plaintiff that the communication was from a debt collector.

36. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message of January 18, 2012.

37. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on January 24, 2012 at 6:15 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number: AB8039."

38. In its voicemail message of January 24, 2012, PMAB failed to notify

6

Plaintiff that the communication was from a debt collector.

39. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message of January 24, 2012.

40. In connection with collection of an alleged debt in default, PMAB called Plaintiff's home phone on January 30, 2012 at 5:15 p.m. and, at such time, PMAB left the following voicemail message: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number: AB8039."

41. In its voicemail message of January 30, 2012, PMAB failed to notify Plaintiff that the communication was from a debt collector.

42. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in its voicemail message of January 30, 2012.

43. On January 30, 2012, Plaintiff's counsel mailed to PMAB written correspondence dated January 24, 2012, which stated that Plaintiff was represented by counsel.

44. Upon information and good-faith belief, PMAB received Plaintiff's counsel's written correspondence dated January 24, 2012 on or about February 2, 2012.

45. In connection with the collection of an alleged debt in default, PMAB contacted Plaintiff directly at the following dates and times:

   1) February 9, 2012 at 4:25 p.m.;

7

2) February 15, 2012 at 11:12 a.m.;

3) February 22, 2012 at 12:45 p.m.;

4) February 29, 2012;

5) March 7, 2012 at 2:56 p.m.;

6) March 15, 2012 at 3:46 p.m.

46. At these dates and times, PMAB left the following voicemail message on Plaintiff's home phone: "This call is from PMAB, LLC. Please contact us at 704-553-7146 or toll free at 1-800-849-0088 regarding a personal business matter. When calling please use the following reference number: AB8039."

47. In these voicemail messages, PMAB failed to notify Plaintiff that the communication was from a debt collector.

48. In failing to disclose that PMAB is a debt collector, PMAB failed to meaningfully disclose its identity in these voicemail messages.

49. PMAB did not attempt to contact Plaintiff's counsel prior to contacting Plaintiff directly.

50. Plaintiff's counsel did not fail to respond to any communications from PMAB.

51. Neither Plaintiff nor Plaintiff's counsel provided PMAB consent to contact Plaintiff directly.

52. Defendants' actions constitute conduct highly offensive to a reasonable person.

8

# COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

53. Plaintiff repeats and re-alleges each and every allegation above.

54. PMAB violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

55. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just

and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

56. Plaintiff repeats and re-alleges each and every allegation above.

57. PMAB violated 15 U.S.C. § 1692e(11) by failing to disclose in every communication to Plaintiff that the communication was from a debt collector.

58. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

59. Plaintiff repeats and re-alleges each and every allegation above.

60. PMAB violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff in connection with the collection of an alleged debt where PMAB knew Plaintiff was represented by an attorney.

61. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in

11

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(2)

62. Plaintiff repeats and re-alleges each and every allegation above.

63. PMAB violated N.C. Gen. Stat. § 58-70-110(2) by failing to disclose in subsequent communications that the communication is from a debt collector.

64. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 58-70-110(2);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C.

Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF N.C. GEN. STAT. § 75-54(2)

65. Plaintiff repeats and re-alleges each and every allegation above.

66. Alternatively, PMAB violated N.C. Gen. Stat. § 75-54(2) by failing disclose in all communications with Plaintiff that the purpose of the communication was to collect a debt.

67. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 75-54(2);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)

68. Plaintiff repeats and re-alleges each and every allegation contained above.

69. PMAB violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff when PMAB had been notified by Plaintiff's attorney that Plaintiff was represented.

70. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of

14

Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 58-70-115(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. § 75-55(3)

71. Plaintiff repeats and re-alleges each and every allegation above.

72. Alternatively, PMAB violated N.C. Gen. Stat. § 75-55(3) by communicating with Plaintiff when PMAB had been notified by Plaintiff's attorney that Plaintiff was represented.

73. Mr. Coffey is personally liable for PMAB's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day

15

management of PMAB's debt collection business, his responsibility for day-to-day supervision of PMAB's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PMAB's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 75-55(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

74.     Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 27th day of March, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>***Weisberg & Meyers, LLC***
>5025 N. Central Ave. #602
>Phoenix, AZ 85012